PROB 12C
(6/16)

Report Date: January 27, 2021

# United States District Court

## for the

## Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 27, 2021

SEAN F. MCAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Holly Rachelle Sherwood          Case Number: 0980 2:18CR00187-TOR-1

Address of Offender:                               Airway Heights, Washington 99001

Name of Sentencing Judicial Officer: The Honorable B. Lynn Winmill, Chief U.S. District Judge
Name of Supervising Judicial Officer: The Honorable Thomas O. Rice, Chief U.S. District Judge

Date of Original Sentence: March 8, 2017

| | | |
|---|---|---|
| Original Offense: | Possession of Stolen Mail, 18 U.S.C. § 1708 | |
| Original Sentence: | Prison - 15 months<br>TSR - 36 months | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(May 29, 2019) | Prison - 60 days<br>TSR -34 months | |
| Asst. U.S. Attorney: | Earl Allan Hicks | Date Supervision Commenced: May 15, 2020 |
| Defense Attorney: | J. Houston Goddard | Date Supervision Expires: March 14, 2023 |

### PETITIONING THE COURT

To issue a summons.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Special Condition # 11**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.<br><br>**Supporting Evidence**: On December 28, 2021, it is alleged Ms. Sherwood violated the terms of her supervised release by failing to provide a urinalysis test, as directed, a direct violation of special condition number 11.<br><br>Ms. Sherwood's conditions of supervised release were reviewed with her on May 18, 2020, and she acknowledged an understanding of the terms and conditions of her supervised release.<br><br>On December 28, 2020, Ms. Sherwood reported to Pioneer Human Services (PHS) for the purpose of a phase urinalysis test. Per PHS staff, Ms. Sherwood attempted to provide urine |

to PHS staff that did not come from her, as the temperature of the urine registered at 84 degrees. After being confronted on this, Ms. Sherwood requested to provide a urinalysis again. During her second attempt, a female PHS staff member was present, and per PHS staff, Ms. Sherwood did not attempt to urinate, as she stared at the toilet and informed the female staff member she did not have to go anymore.

2 **Special Condition # 11**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On January 6, 2021, it is alleged Ms. Sherwood violated the terms of her supervised release by failing to provide a urinalysis as directed, a direct violation of special condition number 11.

Ms. Sherwood's conditions of supervised release were reviewed with her on May 18, 2020, and she acknowledged an understanding of the terms and conditions of her supervised release.

Ms. Sherwood was advised she would be placed on the phase urinalysis testing program at PHS. Ms. Sherwood was further advised she would be on the urinalysis testing color gold-3. She was directed to call the testing line every day, and was to report to PHS on the days gold-3 was called, in order to submit a urinalysis. Ms. Sherwood acknowledged an understanding of this process.

On January 6, 2021, without being excused by U.S. Probation, Ms. Sherwood failed to provide a urinalysis after her assigned color, gold-3, was directed to provide a urinalysis on that date.

3 **Special Condition # 11**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

**Supporting Evidence**: On January 14, 2021, it is alleged Ms. Sherwood violated the terms of her supervised release by failing to provide a urinalysis as directed, a direct violation of special condition number 11.

Ms. Sherwood's conditions of supervised release were reviewed with her on May 18, 2020, and she acknowledged an understanding of the terms and conditions of her supervised release.

In response to Ms. Sherwood failing to show for her urinalysis on January 6, 2021, the undersigned spoke with Ms. Sherwood via telephone on January 13, 2021. It was at this time, Ms. Sherwood was directed to provide a make-up urinalysis on January 14, 2021, at PHS. Ms. Sherwood acknowledged an understanding of this directive, and it should also be noted, the undersigned sent Ms. Sherwood a follow up text message reminding her of this request. Ms. Sherwood failed to show for a urinalysis on January 14, 2021.

Prob12C
**Re: Sherwood, Holly Rachelle**
**January 27, 2021**
**Page 3**

|   |   |
|---|---|
| 4 | **Special Condition # 11**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances. |

**Supporting Evidence**: On January 22, 2021, it is alleged Ms. Sherwood violated the terms of her supervised release by failing to provide a urinalysis as directed, a direct violation of special condition number 11.

Ms. Sherwood's conditions of supervised release were reviewed with her on May 18, 2020, and she acknowledged an understanding of the terms and conditions of her supervised release.

Ms. Sherwood was advised she would be on the phase urinalysis testing program at PHS. Ms. Sherwood was further advised she would be on the urinalysis testing color gold-3. She was directed to call the testing line every day, and was to report to PHS on the days gold-3 was called, in order to submit a urinalysis. Ms. Sherwood acknowledged an understanding of this process.

On January 22, 2021, without being excused by U.S. Probation, Ms. Sherwood failed to provide a urinalysis after her assigned color, gold-3, was called to provide a urinalysis on this date.

|   |   |
|---|---|
| 5 | **Special Condition # 1**: You must pay any outstanding monetary obligation that was imposed by any prior judgment in accordance with the Schedule of Payments as ordered by the Court. |

**Supporting Evidence:** It is alleged Ms. Sherwood violated the terms of her supervised release as she has failed to make any monetary payments toward her victim restitution, as previously imposed on the sentencing judgment dated March 8, 2017, a direct violation of special condition number 1.

Ms. Sherwood's conditions of supervised release were reviewed with her on May 18, 2020, and she acknowledged an understanding of the terms and conditions of her supervised release.

Ms. Sherwood's sentencing judgment notes that during Ms. Sherwood's term of supervised release, she shall submit nominal monthly payments of 10% of gross income, but no less than $25 per month. Since commencing her term of supervised release on May 15, 2020, Ms. Sherwood has failed to make any payments toward her victim restitution, and an outstanding balance of $1,865.87 remains.

The U.S. Probation Office respectfully recommends the Court issue a summons requiring the offender to appear to answer to the allegation(s) contained in this petition.

Prob12C
Re: Sherwood, Holly Rachelle
January 27, 2021
Page 4

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:   01/27/2021

s/Jonathan C. Bot

Jonathan C. Bot
U.S. Probation Officer

THE COURT ORDERS

[ ]   No Action
[ ]   The Issuance of a Warrant
[X]   The Issuance of a Summons
[ ]   Other

Thomas O. Rice
United States District Judge

January 27, 2021

Date